057187 Jackson v. The Department of Veterans Affairs. Mr. Carpenter. Morning honors report, please. Kenneth Carpenter appearing on behalf of Mr Glenn Jackson. Mr. Glenn, Mr. Jackson appeals the decision of the Veterans Court interpreting 38 CFR 3.25. This regulation was promulgated by the VA in 1961. Mr. Jackson concedes that in 1961 there was no appellate decision other than the appellate decision of the Board of Veterans Appeals. Mr. Jackson, however, believes that the intent in promulgating that regulation is what should control the interpretation of this regulation. And the clear intent on the part of the VA was to permit, uh, claimants, uh, to submit new and material evidence during the pendency of an appeal prior to the time of an appellate decision. Appellate decision is not defined in the regulation. Clearly, once the Judicial Review Act was enacted by Congress in 1988, the decision now became more expansive. It included appeals to the United States Court of Appeals for Veterans Claims, as well as appeals to this court and to the United States Supreme Court. Clearly, Mr. Jackson's position is, is that in order to interpret the plain meaning of the regulatory language, the purpose expressed in the ordinary use of the words is what should control. And I don't, why do you think the VA hasn't changed it in 45 years in light of all that's happened on the legislative front? I have no explanation for that, Your Honor. I do know that myself and other counsel have been, uh, paid in, excuse me, not myself and other counsel, clients that I have represented and that other counsel have represented have had the benefit of the interpretation that is proffered by Mr. Jackson. The interpretation that is proffered by Mr. Jackson was rejected by the VA, rejected by the board and ultimately rejected by the Veterans Court. But it seems to Mr. Jackson that that is simply a question of the VA's obligation to amend its regulation if they believe that that regulation is not clear on its face. And we believe that this regulation is not clear on its face to the extent that there can be a limited meaning to the term appellate decision. The term appellate decision necessarily includes judicial decisions and there is no reason for any claimant after November of 1988 to believe that there would be any other meaning than the appellate decisions that were available to he or she during the period of prosecution of an appeal to the Veterans Court or to this court. In the event that Mr. Jackson would have prevailed before the Veterans Court, there is no question that under 3.156B that the same evidence which he submitted during the pendency of the appeal to this court, had it been submitted on remand, would have been subject to the provisions of 3.156B. Equally, had he prevailed in his appeal to this court in the matter that was before this court at the time in which the VA received that new and material evidence, then clearly upon return to the board that new and material evidence would have operated under the plain language of 3.16B affording him an effective date as to the date of the claim which he commenced to reopen. In the facts of Mr. Jackson's case, which are simply not in dispute, Mr. Jackson's original appeal to this court, the appeal that was pending at the time in which he submitted new and material evidence, involved a claim to reopen. He was attempting to reopen the previously denied claim and he had been told by the VA that he had submitted new and material evidence. He didn't find out that he hadn't received new and material evidence until he got to the board. When he got that board decision, he appealed that board decision to the Veterans Court and ultimately to this court and was unsuccessful in that appeal based upon this court's determination that the board had de novo review and appropriate authority under 5108 to determine whether or not the secretary was or was not required to reopen with new and material evidence. It ultimately turns on a question, we believe, Your Honor, as to what the plain meaning of appellate decision is. And if there is ambiguity in that, particularly in light of the enactment of the Veterans Judicial Review Act, than any such ambiguity under the Gardner case should be resolved in favor of the veteran in order to gain the benefit of this regulation. This regulation is wholly unique. It provides a benefit that is not provided for in any other statute, any other regulation. The VA does not cite to either 5110, the earlier effective date statute, or 5108, the new and material evidence statute, as a basis for the promulgation of this regulation. They were filling no gap. They were not deciding some ambiguity. Instead, they were exercising the regulations in accordance with the statutory scheme. Under that authority, the secretary provided a regulation that provides a significant benefit to claimants. It provides an opportunity to submit new and material evidence. The matter at issue in this case was merely medical nexus. Once that medical nexus evidence had been submitted to the satisfaction of the secretary, that benefit was granted. But the effective date was assigned as to the date of the decision. We have to defer to the board's interpretation of the secretary's regulation. The board did interpret the secretary's regulation against it and interpreted his appellate decision as meaning appellate decision by the board. So why don't, you know, in American Express, our decision in various Supreme Court cases, why don't we have to defer to the interpretation of the regulation here? Well, I think for two reasons. The first is, is that I do not believe the deference is required. The board's decision, or excuse me, the board's determination is on an individual case basis and creates no precedent. Well, there are a lot of adjudicatory decisions which are entitled to that deference. You're saying it's because it's not precedential? Because it's not precedential, because in other cases in which the board had defined that 3.156B would have operated in another fashion, in the fashion under this, Mr. Jackson would not get the benefit of that interpretation. But there is a general counsel opinion on this, isn't there? I don't believe there is. Oh, not, no, not one that deals with art? Not that I'm aware of. I thought that, all right. Your Honor, I don't believe there is.  Now, clearly, if there was a general counsel opinion, then there is a precedent. That would certainly be, if it's precedential at least, isn't it? Yes, yes. Now, do you think the same, does the same kind of analysis apply with respect to the question of whether this is a proper agency construction of a statutory provision as opposed to the agency's interpretation of its own regulation? Let me ask the question a different way, but it's still the same question, and that is, if there's no statutory compulsion to adopt this position as opposed to the opposite position, the agency has a choice, and isn't the agency's articulation of its choice something that it's entitled to substantial deference in saying this is the choice we made, and this is what this language that we used in making that choice means? Well, I don't think so, Your Honor. Not when the statute is plain on its face, or excuse me, when the regulations, the ordinary use of the term appellate decision is plain on its face. If it were a question of we're going to interpret this in a particular way, then I think they would be entitled to deference. But the question in this case is, is what is the ordinary meaning? What would the average claimant, or for that matter, the average claimant's counsel, understand the term appellate decision to me, post-November 1988? And I believe that there should be no deference afforded to the agency's what I believe is post-Hawk interpretation, simply to defeat Mr. Jackson's right to gain the benefit of that. He should be entitled to rely, as every claimant should be entitled to rely, upon the plain meaning, the ordinary meaning of the words used. Appellate decision is not, ought not be able to be interpreted in a limited way, particularly when there is a radical change in the law that occurred in November of 1988, which expanded the notion of appellate decision. And as I argued below, I believe that the remedy should have been for the Secretary to simply amend this regulation to either provide a definition of appellate decision as to be limited to the decisions of the Board, or to simply remove the term appellate decision and insert the phrase decision of the Board of Veterans' Appeals. But it seems to me, Your Honor, that if they use the decision of the Board of Veterans' Appeals, that this case, or excuse me, any case that's on appeal, creates problems for the use of that term, because the matter is then back before the Board after a successful appeal to the judicial reviewing authorities. I'm just about to expire on my time if there's any further questions. I'm sorry. In the MSPB context, you have a similar provision about new and material evidence. And my understanding is that that's limited to new and material evidence that's submitted while the case is still before the Merit Systems Protection Board. That wouldn't apply when you had new and material evidence submitted while the case is on appeal here. Why should there be a difference in the veterans' context? Because of the difference in the statutory scheme, Your Honor. The proceeding before the MSPB is fundamentally different than the proceeding before the Board. And these cases are in a uniquely non-adversarial circumstance in which the veteran is provided by the very nature of this regulation with a benefit that isn't otherwise available. And it seems to me that it's only a question of limitation, and any interpretation that limits it is fundamentally unfair to the veteran in this type of circumstance, and that there is a viable distinction between proceedings before the MSPB and proceedings in veterans' benefits adjudication. Thank you. Mr. Hughes? May it please the Court. The Veterans' Court's decision should be affirmed. I'd like to first respond quickly to two points made during the opening argument. The first is we are not aware of any instance where Mr. Jackson's interpretation has been used at the Board. It's certainly not cited in the record anywhere. And to the extent it may have been used is contrary to the VA's official interpretation, which is set out in our briefs. And he's right that these Board decisions are non-precedential. Yes. So as far as you know, there's no general counsel opinion. There's no precedential decision within the VA adopting their interpretation that you're espousing, right? No, just the Board's articulation of its interpretation in this case. Yeah. The second point I'd like to make quickly is that 3.156 is something that applies after an agency, an original RO interpretation applies before the appeal period is expired or while appeal is pending. It wouldn't apply on a remand after a successful appeal on the merits because in those cases, the decision would have been vacated and remanded to either the Board or to the RO for re-adjudication. And the normal rules of evidence gathering that applies to these cases would reapply. You wouldn't need 3.156. 3.156 was indeed a special provision promulgated by the VA back in the early 60s to allow submission of new and material evidence after an initial RO decision or the like while the appeal period before the agency, before the Board, was still running or while an active appeal was still pending. The Board's interpretation is not only correct and it's not only that it's the only proper one. It's the only one that makes sense in this administrative scheme. The reason that the VA can still allow the submission of new and material evidence and have it relate back to the pending claim is because at that time, everything is still pending before the Secretary. After a final Board decision, the Secretary no longer has jurisdiction over a case. The only way to reopen that case is through the submission of new and material evidence as a new claim. And as a new claim, 5.110 mandates that the effective date is only the date of that submission of the new evidence. Even if the Court were inclined to find this regulation ambiguous, which it shouldn't, the VA's interpretation is the only one permissible and at least it's entitled to deference. Because to adopt Mr. Jackson's interpretation would effectively vitiate parts of 5.110 and 7.104B about finality and effective dates of new and material evidence. Well, if it's the only one that makes sense, that's one thing. That's a good point. But it wouldn't be entitled to any particular deference, would it? In this case, this ruling has been on the books, as he says, for 45 years and the Supreme Court has said there was no judicial review possible back until 1988. And so the deference is much less as applied to those older regulations. Well, deference may be less, but the VA is still entitled to deference to the Board's decision here. The Supreme Court, this Court, other courts have held that agencies are entitled to deference on their interpretations of their own regulations. Well, I'm not sure that that's true where it's a non-precedential interpretation. What case holds that that kind of deference is out to a non-precedential interpretation? I don't think we cited any cases to that effect, Your Honor. But I think it makes sense in line with Thomas Jefferson and those kinds of cases because the decision of the Board is the decision of the VA. The VA can't appeal it. It's a decision after a formal adjudication, whether it's precedential or not, and it's a statement of the agency's official interpretation of its regulation. Again, we don't need to get to the deference question because clearly the regulation as enacted in 61 had a specific meaning. The VA has not acted to amend that meaning. The VJRA did not change that regulation. So the meaning of appellate decision as it existed in 61 has stayed consistent. It's not incumbent upon the VA to clarify its interpretation when there's been no acts subsequent that have amended that regulation. Suppose what had happened in this case is while the original Board decision had been on appeal to us, they apparently discovered the new material evidence at that point, and they'd come to us and made a motion to remand to the Board to consider the new and material evidence. Would that be a remedy that would be available to them? I'm not sure that this Court generally would take motions like that. This Court certainly in other types of cases . . . Well, I'm not asking you to predict what we do. What would your position be? Sorry, I don't mean to speak over you. I don't think it would be proper for this Court to do that. Certainly on an appeal from a court of federal claims case after a trial, the Court wouldn't take generally a motion to remand because some party decided it had better evidence in support of its case. Likewise, the same thing wouldn't happen in MSPB cases. They're alike. Now, I would say that there is one procedure that wouldn't affect perhaps this Court, but could perhaps affect an appeal at the VA, and that is there's a line of . . . a case called Cirillo and a line of cases following that where the Board on its own can seek the Veterans Court to have a case remanded for further reconsideration. But that's only the Veterans Court's choice. The Veterans Court has sole jurisdiction at that point, and it doesn't have to allow a remand. But that provision is based upon both the Veterans Court's particular interpretation in that case and also the Board Chairman's inherent authority to seek reconsideration upon its own motion. That would be analogous, I suppose, to a district court when a case is pending on appeal getting a request for a new trial and certifying or stating to the Court of Appeals that were it to be . . . were the Court of Appeals to remand to the district court, the district court would entertain the motion even though the court would not have the jurisdiction without a remand to entertain the motion. That sounds correct to me, Your Honor. It sounds like the same process. It sounds very similar also. I think, Judge, like you mentioned, MSPB also very similar to their procedures after an initial administrative judge decision. It's incumbent upon a claimant there, an employee, to submit new and material evidence which can either result in a new determination by the full board or a remand for . . . Yeah, but it does sound as though in the district court context that if the district court said, well, I've gotten this new and material evidence motion. I can't do anything about it because the Court of Appeals has jurisdiction and I don't. It sounds as though under those circumstances, it might be appropriate for the party to go to the Court of Appeals and say, please remand this so the district court can consider this new and material evidence question. Maybe we could do the same thing and maybe that would be the solution in these cases. It might be, Your Honor. I can't rule it out since that question is not before us. I can't tell you what the VA's initial position is. We'd have to consider it and brief it. It certainly wasn't done here. The case, the prior case was final before the board and indeed final after CAVC decision and only pending before you when the new and material evidence was submitted to start a new claim at the BVA level. And that new claim is only entitled to an effective date as set forth in those statutes that say the effective date is the date of the submission of the new evidence. The board and the Court of Appeals for veterans claims properly held so here and the decision should be affirmed. Mr. Carpenter. Thank you, Your Honor. I'd like to start first with the reference made in the government's argument about this is a new claim. I believe that that assertion is inconsistent with this court's recent discussion in Joyce about what constitutes a claim and the only claim here is the claim for Mr. Jackson's back condition. I think it's also important to recognize that this is not a new claim in the nature of a claim. The matter or the proceedings to reopen are specific proceedings involving the exercise of jurisdiction as has been interpreted by this court in Barnett and this court in Mr. Jackson's previous appeal to this case in which the matter of reopening is a matter of the sufficiency of the evidence to require under 5108 that the secretary reopen. That is a matter of the exercise, the proper exercise of jurisdiction over a matter to be reconsidered, if you will, on the merits based upon the submission of new and material evidence. And as a consequence, I believe that those are entirely different circumstances that are faced by Mr. Jackson in his original proceeding in this case. Obviously, the goal was to have his case reheard on the merits. He wanted a new merit determination and that merit determination was ultimately granted. The question then becomes whether or not this court should afford any deference to the agency's interpretation made in a non-presidential board decision of the term of appellate decision. I believe that there is no basis for such deference and that the ordinary meaning of the term appellate decision should include necessarily judicial decision. If there are any further questions, Your Honor. Thank you very much. Case is submitted.